IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| MELVIN LEE JOHNSON, | : | |
| Petitioner | : | |
| vs. | : | CASE NO. 4:12-CV-0199-CDL-MSH |
| | : | 28 U.S.C. § 2254 |
| Warden GLEN JOHNSON, | : | |
| Respondent | : | |

## **REPORT AND RECOMMENDATION**

Presently pending before the Court is Respondent's Motion to Dismiss Plaintiff's petition for habeas relief as untimely. (ECF No. 11.) Petitioner was notified of his right to respond to the motion, but failed to do so in the time allowed. For the reasons described below, Respondent's motion should be granted and Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed as untimely.

## BACKGROUND

On September 1, 2010, in the Superior Court of Randolph County, Petitioner pled guilty to malice murder and was sentenced to life in prison with the possibility of parole. (Pet. for Writ of Habeas Corpus 1, ECF No 1.) On March 7, 2011, Petitioner filed an "Extraordinary Motion in Arrest of Judgment" (Resp's Ex. 1, ECF No. 12-1.) which was denied in an order filed March 14, 2011. (*Id.* at 64-65.) Thereafter, on April 4, 2011, Petitioner filed a notice of appeal of the denial of the motion in arrest of judgment. (*Id.* at 71-72.) Because the motion in arrest of judgment was untimely, the Georgia Supreme

Court affirmed the trial court's denial of the motion. *Johnson v. State*, 290 Ga. 531, 722 S.E.2d 699 (2012). Petitioner subsequently filed a motion for reconsideration which was denied on February 27, 2012. *Id.*

On June 25, 2012, Petitioner filed the current federal habeas corpus petition in the Northern District of Georgia. The case was transferred to this Court on August 7, 2012. (ECF Nos. 5 and 6.)

## DISCUSSION

### I.  The AEDPA limitations period

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of this Court's habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
>
> . . .
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

2

28 U.S.C. § 2244(d).  Under the statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Thus, in order to determine whether a petition was timely filed, the Court "must determine (1) when the [collateral] motion was filed and (2) when [the] judgment of conviction became final." *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (internal quotation marks and citation omitted) (alterations in original).

## II.     Petitioner's Application is outside the AEDPA one-year limitations period.

Here, the limitations period has expired and Petitioner's petition is untimely. Petitioner was found guilty and sentenced on September 3, 2010.  (Pet. for Writ of Habeas Corpus 1.)  Petitioner did not appeal his conviction, so the judgment became final thirty days later, on October 3, 2010, when the time for filing a notice of appeal pursuant to O.C.G.A. § 5-5-38 expired; *see also* 28 U.S.C. § 2244(d)(1)(A) (explaining that in the context of determining the AEDPA limitations period, the judgment is final on the date of "the conclusion of direct review or the expiration of the time for seeking such review").

Thus, Petitioner had one-year from October 3, 2010, within which to file his federal application for habeas relief unless the limitations period was tolled.  Petitioner's Motion for Arrest of Judgment, filed on March 7, 2011, did not toll the limitations period because, as the Georgia Supreme Court noted,  it was untimely, stating that

> Under O.C.G.A. § 15-6-3(31), the terms of court for the Superior Court of Randolph county commence on the "Second Monday in May and

3

> November." Petitioner's conviction occurred in the May term of 2010, but he filed his motion in the succeeding November term."

*Johnson,* 290 Ga. at 532 n.1. The Court found that the trial court was without authority to review Petitioner's motion. *Id.* Consequently, the motion in arrest of judgment and subsequent appeal did not serve to toll Petitioner's limitations period.

When Petitioner finally filed his § 2254 petition in this court on June 27, 2012, his one-year limitations period, which ended on October 2, 2011, had long expired. Petitioner's application for habeas relief is therefore untimely and Respondent's motion to dismiss should be granted.

### III. Failure to State a Claim

It should also be noted in this case that Petitioner did not cite a single claim of error in his petition. (Pet'r's Pet. 1-5; ECF No. 1.) Petitioner noted each of the filings he made in the case, but failed to state any error by the trial court or his counsel that could provide him the relief he seeks. Therefore, even were Claimant's petition found to be timely, it would have to be dismissed for his failure to state a claim for relief.

### III. Certificate of Appealability

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural

grounds without reaching the merits of the petitioner's application for habeas relief, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Petitioner cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

## CONCLUSION

For the reasons described above, Respondent's Motion to Dismiss (ECF No. 11 should be GRANTED. Since Petitioner cannot meet the requisite standard, a certificate of appealability should be denied. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 14th day of March, 2013.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE